IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AUBREY VERNON HARRISON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | CASE NO. 3:13cv707-TFM<br>(WO) |

**MEMORANDUM OPINION**

**I. Introduction**

Plaintiff Aubrey Vernon Harrison ("Harrison") applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, alleging that he is unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ concluded that the plaintiff was not under a "disability" as defined in the Social Security Act. The ALJ, therefore, denied the plaintiff's claim for benefits. The Appeals Council rejected a subsequent request for review. Consequently, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.  The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3).   Based on the court's review of the record in this case and the parties' briefs, the court concludes that the decision of the Commissioner should be AFFIRMED.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1)  Is the person presently unemployed?
> (2)  Is the person's impairment severe?
> (3)  Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)  Is the person unable to perform his or her former occupation?
> (5)  Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next

---

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The ALJ's Decision

Harrison was 59 years old at the time of the hearing and holds a doctorate in

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

veterinary medicine from Tuskegee University and a masters of public health in tropical medicine from Tulane University. R. 30-31. He has prior work experience as a military veterinarian. R. 104. Harrison alleges that he suffers from gastroenteritis, an inguinal hernia, and post-traumatic stress syndrome ("PTSD") due to "the trauma of having to put down healthy animals" during his service in Panama between 1977 and 1980. R. 31, 34, 127. After the hearing, the ALJ found that there are "no medical signs or findings to substantiate the existence of a medically determinable impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months" during the relevant time period. R. 14. Accordingly, the ALJ determined that Harrison was not under a disability as defined in the Social Security Act at any time between June 1, 1985, the alleged onset date, and December 31, 1990, the date last insured. R. 21.

## IV. Discussion

Harrison's sole claim is "whether the ALJ erred by failing to adequately determine the existence and onset date of [his] medically determinable impairments and alleged disability." Doc. No. 14, Pl's Br., p. 1. Specifically, he argues that the recent opinions of Dr. René J. Britt, a consultative psychologist, and Dr. Barry S. Wood, a Central Alabama Veterans Health Care System psychologist, support his claim that his PTSD was a medically determinable impairment between June 1, 1985, and December 31, 1990. Harrison contends that the ALJ erred in failing to "make a specific determination or finding as to whether any such impairments caused [him] to be disabled at the current or present time, and the onset of any period of disability." *Id.*, p. 5.

4

At Step Two of the sequential evaluation, the ALJ concluded that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment between June 1, 1985, the alleged onset date, and December 31, 1990, the date last insured. R. 21. The severity step is a threshold inquiry which allows only "claims based on the most trivial impairment to be rejected." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). Indeed, a severe impairment is one that is more than "a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987) (citing with approval Social Security Ruling 85-28 at 37a).

A physical or mental impairment is defined as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(c). The plaintiff has the "burden of showing that [his] impairments are 'severe' within the meaning of the Act." *McDaniel*, 800 F.2d at 1030-31. Once the plaintiff establishes that he suffers from a severe impairment, the ALJ is not entitled to ignore that evidence.

The evidentiary materials indicate that Harrison first sought treatment for PTSD at some point in 2008, over 17 years after the date he was last insured. R. 316-17. Harrison points to the diagnoses of two mental health specialists as support for his argument that he suffered from post-traumatic stress disorder as a severe impairment during the relevant time period. On April 24, 2011, Dr. Barry S. Wood, diagnosed Harrison with post-traumatic

5

stress disorder, chronic; and major depressive disorder, recurrent in partial remission with medication. R. 490. The psychologist noted that he "believe[s] the veteran continues to suffer from PTSD that is most likely (more than 50/50 probability) caused by or a result of military service. He also suffers from depression the examiner believes is caused by PTSD and must be considered an additional (additive) challenge. Overall, his psychiatric/behavioral status appears more severe than was the case in the past." R. 491.

On December 8, 2012, Dr. Britt conducted a consultative psychological evaluation. Dr. Britt noted Harrison's "current" psychiatric symptoms as follows:

> Mr. Harrison reported a diagnosis of PTSD. He stated it is trauma-related to putting down numerous animals in Panama. He let his license go after discharge. He reported anger and depression at the VA two years ago. A physician looking at his stomach problems said he had PTSD and depression and referred him to a psychiatrist. He attended a PTSD class (outpatient). Symptoms include: nightmares, intrusive thoughts, depressive thoughts, anger and irritability.

R. 270. The psychologist also found that Harrison appeared severely depressed and somewhat agitated and that his judgment, insight, and decision-making skills appeared impaired "at this time." R. 270-71. She concluded that "Harrison's ability to understand, remember, and carry out instructions appears severely impaired due to his psychiatric status" and that his "[p]rognosis appears poor given the nature and duration of his disability." R. 272.

In a medical source statement dated December 8, 2012, Dr. Britt found that Harrison has extreme difficulties interacting appropriately with the public, supervisors, responding to usual work situations, and making judgments on complex work-related decisions due to

suffering from PTSD and depression.  In addition, she found he has marked difficulties making judgments on simple work-related decisions and in understanding, remembering, and carrying out complex instructions.  R. 266-67.

The problem is that there are no medical records indicating that Harrison's post-traumatic stress disorder, depression, or other conditions were severe during the relevant time period.  Harrison fails to provide any medical evidence in support of his argument that his PTSD or other medical conditions were severe medically determinable impairments on or prior to December 31, 1990.

During the hearing, the ALJ explained the problem with the lack of medical evidence as follows:

> In your particular case, you suffered from PTSD.  I have absolutely no doubt about that, in my military mind, that you suffer from PTSD and I believe that it's connected to your service in Panama.  But what I don't have is any medical evidence between 1985, when you left the service, and 2009 when the V.A. started doing their work with you, to show that PTSD had surfaced and was affecting your behavior.  I could have a – your sister could send us a letter and say, "My brother was having these problems in 1987, 1990," or whatever, but that's not medical evidence.  What I need is something to show me that you are seeking out treatment and receiving treatment for PTSD during that time frame.  And my biggest problem in your case, Mr. Harrison, is not that I don't believe that you have PTSD.  It's that I don't have any medical evidence upon which to base it.  Do you see the dilemma . . . ?

R. 40-41.

The ALJ further explained:

> Title II is based upon your past earnings.  And you've alleged an onset of when you got out of the military: '85.  Problem is, your Title II insurance . . . expired the end of 1990.  So, in that narrow window of five years – '85 to

7

> '90, I have absolutely no evidence to support that you were suffering the effects of PTSD or any medical impairment, for that matter. . . . And I'm – quite frankly, I accept that you have problems. I just don't have the evidence to be able to disable you and follow that law that Social Security and Congress has laid on us.

R. 43-44.

The court agrees. The medical records indicate that Harrison currently suffers from depression and post-traumatic stress disorder which has steadily worsened. There is nothing in the medical records, however, indicating that Harrison suffered from any severe medically determinable impairment which has lasted or could be expected to last for a continuous period of not less than 12 months during the relevant time period.

The absence of continued mental health treatment during the relevant time period indicates that Harrison's depressive symptoms or other psychological impairments are non-severe. *See, e.g.*, *Peel v. Astrue*, No. 5:08cv173/RS-EMT, 2009 WL 3028300, *9 (N.D. Fla. 2009) (citing *Williams v. Sullivan*, 960 F.2d 86, 89 (8th Cir. 1992) (absence of treatment indicates that a mental impairment is non-severe)); *Ehrisman v. Astrue*, No. 1:08cv00047-MP-AK, 2009 WL 2858085, *7 (N.D. Fla. 2009) (the absence of mental health counseling or other treatment for depression indicated that the claimant's mental impairment was not severe). *See also Gibbs v. Barnhart*, 156 Fed. Appx. 243 (11th Cir. 2005) (holding that substantial evidence supported the ALJ's conclusion that the claimant's physical impairments were not severe because there was no evidence that these impairments interfered with basic work activities or that he continuously sought treatment for these impairments). This court therefore concludes that the ALJ's determination that Harrison did not suffer from a severe

medically-determinable impairment during the relevant time period is supported by substantial evidence.

## V. Conclusion

The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled.  Thus, the court concludes that the decision of the Commissioner is supported by substantial evidence. Accordingly, it is ORDERED that the decision of the Commissioner be and is hereby AFFIRMED.

Done this 28th day of May, 2015.

                                            /s/Terry F. Moorer
                                  TERRY F. MOORER
                                  UNITED STATES MAGISTRATE JUDGE